UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THE INDEPENDENCE PROJECT, INC.,    :
a New Jersey Non Profit Corporation,    :
    :
    Plaintiff,    :
    :
vs.    :  Case No.
    :
SKYVIEW MOTEL, LLC,    :
a New York Limited Liability Company,    :
    :
    Defendant.    :
_____/

## COMPLAINT
*(Injunctive Relief Demanded)*

Plaintiff, THE INDEPENDENCE PROJECT, INC., a New Jersey Non Profit Corporation, on its behalf and on behalf of all other mobility-impaired individuals, similarly-situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, SKYVIEW MOTEL, LLC, a New York Limited Liability Company, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA").

1.    Plaintiff, THE INDEPENDENCE PROJECT, INC., is a non-profit corporation formed under the laws of the State of New Jersey. THE INDEPENDENCE PROJECT, INC. maintains its principal office at 1002 Central Avenue, New Providence, NJ 07974-1030, in the County of Union.

2.    Defendant's property, Ramada Yonkers, is located at 125 Tuckahoe Rd., Yonkers, NY 10710, in the County of Westchester.

3.    Venue is properly located in the Southern District of New York because venue lies in the judicial district of the property situs. The Defendant's property is located in and does

business within this judicial district.

4.     Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq*.  *See*, *also*, 28 U.S.C. § 2201 and § 2202.

5.     Plaintiff THE INDEPENDENCE PROJECT, INC., is a non-profit New Jersey corporation.  Members of this organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible and useable by the disabled and that its members are not discriminated against because of their disabilities.     THE INDEPENDENCE PROJECT, INC. and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  THE INDEPENDENCE PROJECT, INC. has also been discriminated against because of its association with its disabled members and their claims.  Lawrence Feltzin is a member of Plaintiff, THE INDEPENDENCE PROJECT, INC.  Plaintiff Lawrence Feltzin is a Florida resident, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Mr. Feltzin is a paraplegic, and uses a wheelchair to ambulate.  Mr. Feltzin has visited the Ramada Yonkers on April 26, 2017, and intends to return in the near future, once the subject hotel is made accessible.

5.     Mr. Feltzin regularly visits his sister, brother in-law and niece, who reside in the Upper East Side of Manhattan.  While visiting his family, Mr. Feltzin regularly goes to the

Yonkers area, primarily to gamble at the Empire City Casino at Yonkers Raceway, located at 810 Yonkers Avenue, Yonkers, NY 10704. He also goes to the harness races and shops and eats in the Yonkers area. The casino is approximately 12 miles away from his sister's home.

6.     Mr. Feltzin also goes to public accommodations for the purpose of advocating for disabled rights on behalf of THE INDEPENDENCE PROJECT, INC. and to confirm that public accommodations that he patronizes comply with the ADA. Mr. Feltzin often initiates lawsuits to bring about compliance, and he generally proceeds to confirm that properties he sues are brought into compliance.

8.     Defendant owns, leases, leases to, or operates a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 C.F.R. 36.201(a) and 36.104. Defendant is responsible for complying with the obligations of the ADA. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as Ramada Yonkers, and is located at 125 Tuckahoe Rd., Yonkers, NY 10710.

9.     THE INDEPENDENCE PROJECT, INC. and one or more of its members including Lawrence Feltzin, have a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 11 of this Complaint. Plaintiff has reasonable grounds to believe that user members will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff's members desire to visit the subject Ramada Yonkers not only to avail themselves of the goods and services available at the property but to assure themselves that this property is in compliance with the ADA so that the disability group and others similarly-situated will have full and equal enjoyment of the property without fear of discrimination.

3

10.    The Defendant has discriminated against the members of the corporate Plaintiff organization by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 *et seq.*

11.    The Defendant has discriminated, and is continuing to discriminate, against the Plaintiff in violation of the ADA by failing to, inter alia, have accessible facilities by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). A preliminary inspection of Ramada Yonkers has shown that violations exist. These violations which were encountered or observed by Lawrence Feltzin, and which were verified by an ADA expert, include, but are not limited to:

### Parking and Exterior Accessible Route

A.    Ramada fails to provide a safe accessible route for those in wheelchairs from the accessible parking areas at the hotel, violating Sections 402 and 502 of the 2010 Accessibility Standards. Mr. Feltzin was unable to unload freely and safely from his vehicle. The accessible route provided was obstructed for Mr. Feltzin and was not compliant with ADA Standards.

B.    The exterior accessible route throughout Ramada is impeded by maneuvering clearances, slopes at the base of the door and abrupt changes of level along the route, violating Section 404 of the 2010 Accessibility Standards. These conditions can cause damage to Mr. Feltzin's wheelchair as well as put him at risk for injury.

C.    Plaintiff Lawrence Feltzin, as a guest of the hotel, was affected by a lack of a compliant accessible route to the entrance, violating Sections 402 and 502 of the 2010 Accessibility Standards. Speed bumps would cause Mr. Feltzin to abandon the provided route.

D.    Curb ramps throughout the hotel are a hazard to those in wheelchairs and are not provided in all areas, violating Section 406 of the 2010 Accessibility Standards.

4

E.    Ramada fails to provide an accessible route to the adjacent sidewalk, violating Section 206.2.1 of the 2010 Accessibility Standards.  Mr. Feltzin could only leave the hotel by car due to the lack of route to the sidewalk.

**Access to Goods and Services**

F.    Lowered counters for accessible use at check-in at Ramada are not provided, violating Section 904 of the 2010 Accessibility Standards.  Mr. Feltzin was impeded by a lack of reach range while accessing the desk.

G.    Ramada fails to provide desks with adequate knee clearance, violating Section 306 of the 2010 Accessibility Standards.

H.    Phones and other elements throughout Ramada are mounted beyond the reach of Mr. Feltzin and those in wheelchairs, violating Section 308 of the 2010 Accessibility Standards.

I.    Mr. Feltzin was impeded by a lack of latch side clearance in numerous parts of the hotel, including access to guestrooms, pool and restrooms, violating Section 404 of the 2010 Accessibility Standards. Mr. Feltzin was unable to open doors freely and safely without assistance due to a lack of latch side clearance.

J.    Pool lacks accessibility including a lack of an accessible lift, violating Section 1009 of the 2010 Accessibility Standards.

**Hotel Guestrooms and Restrooms**

K.    Desks in guestrooms fail to provide adequate knee clearance for those in wheelchairs, violating Section 306 of the 2010 Accessibility Standards.

L.    Ramada provides improper hardware and other essential elements lack accessibility in the guestrooms, violating the 2010 Accessibility Standards.

M.    Restrooms provided in the guestrooms and lobby are improperly designed and Mr. Feltzin was unable to use the restroom freely and safely, violating Section 601 of the 2010 Accessibility Standards.

**Maintenance**

N.    The accessible features of the facility are not maintained, creating barriers to access for the Plaintiff, as set forth herein, in violation of 28 CFR §36.211.

(The foregoing barriers affect Mr. Feltzin and all other members of THE

5

INDEPENDENCE PROJECT, INC. who use wheelchairs.)

12.     All of the foregoing violations are also violations of the 1991 Americans with Disabilities Act Accessibility Guidelines (ADAAG), and the 2010 Standards for Accessible Design, as promulgated by the U.S. Department of Justice.

13.     The discriminatory violations described in paragraph 11 are not an exclusive list of the Defendant's ADA violations.  Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access.     The Plaintiff and all other individuals similarly-situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendant because of the Defendant's ADA violations, as set forth above.   The individual Plaintiff and all others similarly-situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

14.     Defendant has discriminated against the Plaintiff by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. 36.302 *et seq.*  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no

6

individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

15.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Considering the balance of hardships between the Plaintiff and Defendant, a remedy in equity is warranted.  Furthermore, the public interest would not be disserved by a permanent injunction. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 C.F.R. 36.505.

16.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 C.F.R. 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 C.F.R. 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 C.F.R. 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

17.     Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  All other conditions precedent have been met by Plaintiff or waived by the Defendant.

Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendant to alter Ramada Yonkers to make

7

those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

A.     The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*

B.     Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services; and to require the Defendant to have an ongoing policy to maintain its accessible elements.

C.     An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

D.    Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.   The Order shall further require the Defendant to maintain the required assessable features on an ongoing basis.

Respectfully submitted,

Dated: October 2 , 2017

Keith Harris, Esq. (KH4604)
Braff, Harris, Sukoneck & Maloof
305 Broadway
New York, NY 10007
(973) 994-6777
(973) 994-1296 - Facsimile
kharris@bhs-law.com

Lawrence A. Fuller, Esq. (LF 5450)
FULLER, FULLER & ASSOCIATES, P.A.
12000 Biscayne Blvd., Suite 502
North Miami, FL 33181
(305) 891-5199
(305) 893-9505 - Facsimile
Lfuller@fullerfuller.com

Counsel for Plaintiff Lawrence Feltzin